IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JUAN CARLOS SAUCEDO-MEZA | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-283 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Juan Carlos Saucedo-Meza, proceeding *pro se*, filed this Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

In 2018, a federal grand jury returned an indictment charging Movant with kidnapping, in violation of 18 U.S.C. § 1201(a)(1). Following a jury trial, Movant was convicted of the offense with which he was charged. On October 31, 2019, he was sentenced to 365 months of imprisonment. Movant did not appeal his conviction or sentence.

Ground for Review

Movant asserts he received ineffective assistance of counsel because counsel failed to file a notice of appeal on his behalf.

Analysis

For the reasons set forth below, this motion to vacate is barred by the applicable statute of limitations.

There is a one year statute of limitations for motions to vacate. 28 U.S.C. § 2255(f). The limitations period begins to run from the latest of: (1) the date on which the judgment of conviction became final; (2) the date on which an impediment to filing created by unconstitutional governmental action was removed; (3) the date on which the United States Supreme Court initially recognized the

constitutional right if the right is retroactively applicable to case on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through due diligence. *Id*.

Movant's Judgment was entered on October 31, 2019. As stated above, Movant did not appeal his sentence. As a result, his conviction became final on November 14, 2019, 14 days later, when the time period for filing a notice of appeal expired. *See* FED. R. APP. P. 4(b)(1)(A). The period of limitations began to run on that date and expired one year later, on November 14, 2020 As the Motion to Vacate is dated June 1, 2021, the Motion to Vacate was filed more than one year after Movant's conviction became final.

However, movant contends the period of limitations applicable to his Motion to Vacate began to run on the date described in Section 2255(f)(4), the date on which the factual predicate of the claim could have been discovered through due diligence. Movant states he told counsel he wanted to file a notice of appeal. He states that in June, 2021, he asked his family to contact counsel and the court of appeals to determine whether an appeal had been filed. It was only during this month that he learned counsel had abandoned him and failed to file a notice of appeal. Movant asserts he did not learn of the factual predicate of his claim until the date on which he discovered counsel had not filed a notice of appeal on his behalf.

In order for Section 2255(f)(4) to apply, a movant must have used due diligence to discover the factual predicate of his claim. For this provision to apply, a movant's diligence need only be reasonable under the circumstances. *Starns v. Andrews*, 524 F.3d 612, 619 (5th Cir. 2008).[1]

This case is similar to *United States v. Rodriguez*, 858 F.3d 960 (2017). In that case, a movant asserted counsel failed to file a notice of appeal after he stated he wanted to appeal his conviction. The movant asserted Section 2255(f)(4) should apply because he made several unsuccessful attempts to obtain documents concerning his appeal. The United States Court of Appeals for the Fifth Circuit,

---

[1] While *Starns* involved a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, because of "the similarity of the actions brought pursuant to §§ 2254 and 2255, the federal courts have read them in pari materia as long as the context did not render it improper." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).

citing *Manning v. Epps*, 688 F.3d 177, 184 n.2 (5th Cir. 2012), stated that attorney abandonment did not excuse a litigant from using due diligence. *Rodriguez*, 858 F.3d at 963. In *Rodriguez*, the movant waited almost a year and three months after his conviction became final before sending a letter to the district court requesting certain documents. The court stated that the facts surrounding the movant's claim that counsel was ineffective for failing to file a notice of appeal could have been discovered during the preceding months and that the movant did not need over a year to discover a notice of appeal had not been filed. *Id*. at 964. As a result, the court could not conclude the movant had acted with due diligence.

Here, it appear Movant waited more than 17 months after his conviction became final before asking his family to inquire as to whether a notice of appeal was filed on his behalf.[2] This is longer than the movant in *Rodriguez* waited. Movant, like the movant in *Rodriguez*, did not need over a year to discover a notice of appeal had not been filed. As a result, Movant did not act with due diligence. He is therefore not entitled to rely on Section 2255(f)(4) to provide the date on which the applicable period of limitations began to run.

Movant filed his Motion to Vacate more than one year after the period of limitations expired. The Motion to Vacate is therefore barred by the applicable statute of limitations.

## Recommendation

This Motion to Vacate, Set Aside or Correct Sentence should be dismissed as barred by the applicable statute of limitations.

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

---

[2] As stated above, the motion to vacate is dated June 1, 2021. Accordingly, it is unlikely Movant did not ask his family to make inquiries regarding his appeal until June, 2021, as he states. It will therefore be assumed Movant asked his family to make inquiries sometime in May, 2021.

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 10th day of April, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE